Kevin J. Simon, Esq. (8100)
STRACHAN, STRACHAN & SIMON, P.C.
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah 84060-1800
Facsimile: (435) 645-9429
Telephone: (435) 649-4111
Attorneys for defendant ADK Technology, Inc.

_____

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

_____

| | |
|---|---|
| TOBY NISHIKAWA, an individual, and PAYTON NISHIKAWA, an individual, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | Civil No. 1:13-cv-00071-TC-DBP |
| FELT RACING, LLC, a California limited liability company; ADK TECHNOLOGY, INC., a foreign corporation; and DOES 1-100, | Judge Tena Campbell |
| Defendants. | |

On Thursday, October 30, 2014, the court held a hearing concerning defendant ADK Technology, Inc.'s ("ADK") Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction. Eric Hinckley, Esq. appeared on behalf of Plaintiff Toby Nishikawa, Kris Greenwood, Esq. appeared on behalf of Plaintiff Peyton Nishikawa, Katy Strand, Esq. appeared on behalf of Defendant Felt Racing

LLC ("Felt"), and Kevin J. Simon, Esq. appeared on behalf of Defendant ADK, the moving party.

Now, having reviewed all the motion papers filed by the parties and hearing argument on defendant ADK's Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction, the court hereby ORDERS, ADJUDGES and DECREES as follows:

As an initial matter, Plaintiffs and Defendant Felt, through its Notice of Joinder (Doc. No. 32) with Plaintiffs' Opposition, only assert that *specific* personal jurisdiction exists over Defendant ADK in Utah.  They do not argue that *general* personal jurisdiction exists over ADK.  To establish specific personal jurisdiction over ADK, it must be shown that ADK purposefully directed its activities at Utah residents.  Random, fortuitous, or attenuated contacts are insufficient to show that ADK did this.  Even assuming for purposes of analysis that Felt, a California company, was an additional insured under ADK's insurance policy and that an indemnification agreement existed whereby ADK agreed to indemnify Felt, such facts would not be sufficient to establish specific personal jurisdiction over ADK in Utah.

As stated by the United States Supreme Court in J. McIntyre Machinery Ltd. v. Nicastro, 131 S. Ct. 2780 (2011), Plaintiffs have to show that Defendant ADK took some deliberate action to target markets in Utah.  Looking at the two sworn declarations submitted by ADK in support of its Rule 12(b)(2) Motion to Dismiss, there simply was no deliberate action taken by ADK to target Utah. Felt, not ADK, brought the component product into Utah.  ADK did not ship or even directly sell the product to Felt.  ADK has never maintained any offices in the United States, let alone in Utah, and has never had any employees, agents, distributors, affiliates, subsidiaries, or points of contact in the United States, let alone in Utah.  There is similarly no evidence that ADK marketed or advertised in Utah.  In sum, there is no evidence demonstrating that ADK targeted Utah.

Accordingly, minimum contacts do not exist sufficient to establish specific personal jurisdiction over ADK. Given this fact, it is not necessary to reach the issue of traditional notions of fair play and substantial justice. For the reasons set forth above, the court **GRANTS** defendant ADK's Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction (Doc. No. 30).

Finally, to the extent plaintiffs or Felt requested a transfer of venue in the pleadings (as opposed to filing a motion), that request is **DENIED**. This Court has no jurisdiction to grant such a request and it would be procedurally incorrect to do so.

DATED this 12th day of November, 2014

**BY ORDER OF THIS COURT:**

_____
The Honorable Tena Campbell
United States District Court Judge
District of Utah